IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JUANITA HAVIOR,

        Plaintiff,

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____

NO. 5:08-CV-244 (HL)

SOCIAL SECURITY APPEAL

## ORDER

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. On February 22, 2002, Plaintiff filed (1) an application for a period of disability and disability insurance benefits, and (2) an application for supplemental security income. In each application, she alleged disability beginning September 3, 2001. Both of her applications were denied initially and upon reconsideration.

Thereafter, and pursuant to a request by Plaintiff, the matter was brought before an Administrative Law Judge ("ALJ") for a hearing. The ALJ found that Plaintiff was not disabled in a written decision dated April 17, 2006. Plaintiff timely appealed this unfavorable decision to the Appeals Council.

On August 18, 2006, the Appeals Council remanded the case to the ALJ and directed that additional evidence be obtained to complete the record which evidence could include, if necessary, testimony from medical and vocational experts. The

Appeals Council further directed the ALJ to reevaluate Plaintiff's mental impairments, subjective complaints, and residual functional capacity and to offer her the opportunity for another hearing. Finally, and after noting that Plaintiff had filed another application for benefits on May 11, 2006, the Appeals Council directed the ALJ to consider consolidating the recent application with the existing claims.

In accordance with these directives, the ALJ consolidated the claims and convened two additional hearings. These hearings were held on November 15, 2006 and April 13, 2007. During the hearings, the ALJ heard testimony from Plaintiff as well as a vocational expert. In addition, and after the first hearing, the ALJ ordered a consultative orthopedic examination. Following the second hearing, the ALJ once again denied Plaintiff's application in a written decision dated June 21, 2007. The Appeals Council denied Plaintiff's request for review of this decision on May 23, 2008, making the hearing decision the final decision of the Commissioner. Thereafter, on July 25, 2008, Plaintiff filed the instant complaint (Doc. 1). Defendant then answered the complaint (Doc. 11) and filed the administrative record with the Court (Docs. 13-14).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a

2

conclusion. Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420 (1971). The Court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one. The Court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. Id. The initial burden of establishing disability is on the claimant. Kirkland v. Weinberger, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. Oldham v. Schweiker, 660 F.2d 1078 (5th Cir. 1981).

A claimant asserting entitlement to benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the claimant must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

3

With respect to analyzing the issue of disability, the Commissioner utilizes a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. Id.

## DISCUSSION

As an initial matter, the Court notes that neither party has filed a brief in support of their respective positions in this action. That is, Plaintiff's pleadings are limited to a complaint containing a jurisdictional statement, a brief procedural history, and a generic assertion that Defendant's findings on the issue of her disability are not supported by substantial evidence nor were they made in accordance with the relevant law. In like manner, Defendant's pertinent pleadings consist of an answer which concedes jurisdiction and asserts that the decision at issue was made in

accordance with the law and is supported by substantial evidence. Consequently, and pursuant to the standards set out above, the following review relies solely upon the administrative record submitted to the court by Defendant.

In his written decision, and after concluding that Plaintiff met the insured status requirements, the ALJ explained and then correctly employed the five-step procedure for determining disability as is required by the provisions of 20 C.F.R. § 404.1520, Appendix 1, Part 404. At step one, the ALJ confirmed that Plaintiff had not engaged in substantial gainful activity since September 3, 2001 - the onset date of her alleged disability. At step two, the ALJ determined that Plaintiff suffers from thoracic disc protrusion at T2/3 and cervical spondylosis, both of which he correctly deemed severe. At step three, the ALJ decided that, based on Plaintiff's objective medical records, her impairments did not meet or medically equal any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Before proceeding to step four, and after an exhaustive analysis of Plaintiff's subjective assertions about symptoms as compared to the objective medical evidence of record, the ALJ found that Plaintiff had the residual functional capacity to:

> Lift/carry up to 20 pounds on occasion and 10 pounds frequently; stand up to 7 hours in an 8 hour work day; sit up to 7 hours if allowed to choose to do so; with occasional climbing ramps and stairs; occasional reaching overhead with the right upper extremity; no climbing ladders, ropes, scaffolds; occasional climbing ramps or stairs; occasional stooping or crouching; and, no other manipulative, visual, communicative, or environmental limitations.

At step four, and in light of the incompatibility of Plaintiff's limitations and the requirements of her previous jobs, the ALJ determined that she would be unable to perform any past relevant work. Therefore, the analysis proceeded to step five. Here, the ALJ's written decision evinces that he thoroughly considered Plaintiff's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines of 20 C.F.R. § Part 404, Subpart P, Appendix 2, and the testimony of a vocational expert. Having done so, the ALJ determined that Plaintiff has the ability to perform work, opportunities for which exist in significant numbers in the national economy. Consequently, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from September 3, 2001 through the date of his decision.

## CONCLUSION

Accordingly, and in view of the fact that the ALJ properly applied the relevant legal standards and that his decision, which was affirmed by the Commissioner, is supported by substantial evidence, it appears that the Commissioner's decision must be affirmed and the instant appeal denied.

**SO ORDERED**, this 10th day of March, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON**